## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50254 | **DATE** | 1/15/2013 |
| **CASE TITLE** | Rodney Love vs. Rockford Illinois Municipal Police Department, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants both motions for summary judgment as to all claims and dismisses this cause in its entirety.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

### STATEMENT - OPINION

    Plaintiff, Rodney Love, filed a four-count amended complaint[1] via court-court appointed counsel, pursuant to 42 U.S.C. § 1983 and Illinois law, against defendants, the Rockford Illinois Police Department (Police Department), Detective John Wassner, a Rockford police officer, the Winnebago County Sheriff's Office (Sheriff's Office), and Richard Meyers, the Sheriff of Winnebago County, Illinois. Count I is an excessive force claim under the Fourth Amendment and against the Police Department and Wassner. Count II is a state-law battery claim against Wassner. Count III is a wilful and wanton claim under state law against the Police Department and Wassner. Count IV is a § 1983 claim against the Sheriff's Office for an unlawful detention at the jail.

    Wassner[2] has moved for summary judgment, contending as to Counts I and II that his use of force was reasonable as a matter of law based on the undisputed facts and as to Count III that there is no independent cause of action for wilful and wanton conduct under Illinois law. Sheriff Meyers has moved for summary judgment on Count IV because he contends he was not personally involved in plaintiff's alleged unlawful detention and because the detention was not the result of any official policy or custom. Plaintiff has not filed a response to either the summary judgment motions or to defendants' Local Rule 56.1 statements of uncontested facts.

    Summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Padula v. Leimbach, 656 F. 3d 595, 600 (7th Cir. 2011). In assessing a summary judgment motion, the court construes all facts and inferences in the light most favorable to the non-moving party. Padula, 656 F. 3d at 600.

    If a party fails to respond to a LR 56.1 statement of uncontested facts, then those facts are deemed admitted to the extent they are supported by the record evidence. Keeton v. Morningstar, Inc., 667 F. 3d 877, 884 (7th Cir. 2012). A non-movant's failure to respond to a summary judgment motion, or failure to comply with LR 56.1, does not, however, automatically result in judgment for the movant. Keeton, 667 F. 3d at 884. The movant must still demonstrate that it is entitled to judgment as a matter of law. Keeton, 667 F. 3d at 884. Additionally, the court must still view all the facts asserted by the moving party in the light most favorable to

the non-moving party and draw all reasonable inferences in the non-movant's favor. Keeton, 667 F. 3d at 884.

Here, plaintiff has responded to neither the motions for summary judgment nor to the LR 56.1 statements. Therefore, the court will deem all facts therein and supported by the record as admitted. The court will consider the facts consistent with the requirements for assessing a summary judgment motion.

An excessive force claim related to an arrest is evaluated under the Fourth Amendment's reasonableness standard. Padula, 656 F. 3d at 602. The dispositive question is whether, in light of the facts and circumstances that confronted the officer at the time the force was used, the officer behaved in an objectively reasonable manner. Padula, 656 F. 3d at 602. The nature and extent of the force that reasonably may be used depends on the specific circumstances of the situation. Cyrus v. Town of Mukwonago, 624 F. 3d 856, 861 (7th Cir. 2010).

In this case, the force complained of involved Wassner striking plaintiff in the mouth and the use of a taser while plaintiff was handcuffed. According to the undisputed facts, Wassner struck plaintiff in the mouth one time in an effort to dislodge what Wassner reasonably believed to be drugs that plaintiff was attempting to swallow. This action was reasonable in light of plaintiff's apparent effort to destroy evidence as well as endanger himself from ingesting the drugs. Failure to use reasonable force to prevent plaintiff from doing so could very well have resulted in plaintiff harming himself.[3] It is reasonable as a matter of law for Wassner to strike plaintiff with his hand in an attempt to dislodge the drugs from plaintiff's mouth.

Once it became apparent to Wassner that the force he used in striking plaintiff was insufficient to prevent plaintiff from swallowing the drugs, Wassner ordered plaintiff to spit out the drugs. When plaintiff refused, Wassner used his taser on "stun drive mode" which is a lower setting that does not inflict neuromuscular incapacitation. While Wassner used the taser several times, he ceased doing so at the point plaintiff spit out the drug packets.

This additional use of force was not unreasonable under the circumstances. The use of a taser alone does not per se constitute excessive force. See Pashova v. Geist, 2012 WL 1074072, * 11-12 (N.D. Ind. Mar. 29, 2012) (citing Seventh Circuit cases); see also Lewis v. Downey, 581 F. 3d 467, 476-77 (7th Cir. 2009) (use of taser is not per se unconstitutional force under the Eighth Amendment). Under the facts here, it was entirely reasonable to use the taser, particularly on the lower setting, to prevent plaintiff from ingesting the packets of drugs. Further, there is no evidence that Wassner used any force beyond that minimally necessary to accomplish that purpose. Accordingly, the court finds that neither the strike to the mouth nor the taser under these circumstances was excessive as a matter of law and that Wassner is entitled to summary judgment on the Fourth Amendment claim in Count I.

Because the force used was reasonable, or justified, as a matter of law, the battery claim necessarily fails.[4] Therefore, the court grants summary judgment as to Count II.

That leaves the claim against Wassner in Count III for wilful and wanton conduct. The court grants summary judgment as to Count III as Illinois law does not recognize an independent cause of action for wilful and wanton conduct. See Rhyan v. City of Waukegan, 819 F. Supp. 2d 755, 758-59 (N.D. Ill. 2011).

The court will next address the summary judgment motion of Sheriff Meyers as to Count IV.[5] To the extent the claim against Sheriff Meyers is in his individual capacity, there must be evidence that he was personally involved in the alleged unlawful detention of plaintiff. See Luck v. Rovenstine, 168 F. 3d 323, 327 (7th Cir. 1999). There is no evidence here that Sheriff Meyers had any knowledge of plaintiff's detention or that he was involved in any other way. Therefore, the court grants summary judgment to Sheriff Meyers in his individual capacity.

To succeed on a claim against Sheriff Meyers in his official capacity, plaintiff must offer evidence that any unlawful detention was the result of some official policy or other governmental custom that not only caused but was the moving force behind the constitutional violation. See Trask v. Boyd, 2012 WL 475760, * 6 (N.D. Ill. Oct. 2, 2012) (citing Teesdale v. City of Chicago, 690 F. 3d 829 (7th Cir. 2012)). To do so,

**STATEMENT - OPINION**

plaintiff must show the existence of an official policy through: (1) an express policy; (2) a widespread practice that is permanent and well-settled; or (3) evidence that the constitutional injury was caused by a person with final policymaking authority. Trask, at * 6.

Here, there is no evidence whatsoever that plaintiff was unlawfully detained as a result of any official policy or custom via Sheriff Meyers or the Sheriff's Department. Accordingly, summary judgment is proper as to Sheriff Meyers in his official capacity and to the Sheriff's Department.

For the foregoing reasons, the court grants summary judgment as to all claims against the Rockford Police Department, Detective Wassner, Sheriff Meyers, and the Sheriff's Department and dismisses this cause in its entirety.

---

1. While the operative complaint is labeled "second amended complaint," it is in actuality the only amended complaint.

2. Although the Police Department has also moved for summary judgment based on the merits, the Police Department is not a suable entity under Illinois law. See Courtney v. City of Chicago, 439 Fed. Appx. 557 (7th Cir. 2011). Therefore, the court grants summary judgment in favor of the Police Department on this basis as to all claims.

3. Of course, this in turn may have led to a lawsuit on that basis.

4. While the general rule is to dismiss supplemental state-law claims once all federal claims are disposed of, there is an exception where, such as here, it is clearly apparent how the state claims are to be decided. See Williams v. Rodriguez, 509 F. 3d 392, 404 (7th Cir. 2007).

5. The motion is brought on behalf of Sheriff Meyers and does not mention the Sheriff's Department. Nonetheless, the court considers the motion to be on behalf of both defendants.